IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL No. 1:24-MJ-146-2 |
| | ) | |
| v. | ) | |
| | ) | |
| Charnika Burts | ) | The Honorable Ivan D. Davis |
| Defendant | ) | |
| | ) | |

DEFENDANT'S POSITION ON GOVERNMENT'S MOTION FOR SUBPOEANAS

Counsel has received the Government's motion to demand license plate reader data from two local law enforcement agencies and reviewed it with the Defendant. Having read the motion and the Virginia statute at issue, we note our objection.

§2.2-5517 of the Virginia Code, the statute governing the existence and use of license plate readers by Virginia law enforcement agencies, expressly limits the use of license plate readers, from how Virginia law enforcement agencies install such systems to how they are used and how that information is then used in investigations and arrests. Any dissemination, even to the United States Attorney or a federal grand jury, requires a court order.

As best as Counsel can tell from speaking to the Assistant United States Attorney and reading the text of both the motion and the statute, this request seeks to use this data, to the extent that it may exist, for a use that is beyond that contemplated by the statute. Even assuming *arguendo* that the federal crime charged in this case is also a violation of state law that was being investigated by these local agencies, Ms. Burts was not a missing or

endangered person, a person associated in any way with human trafficking, a person with an outstanding warrant or someone either driving a stolen car or driving a car with a stolen license plate.

Furthermore, to the extent that the Government seeks our consent to this motion we feel we simply cannot grant that consent. Assembling possibly incriminating evidence is simply not a responsibility for Defense Counsel or the Defendant. That is a task the Government must take on by itself.

**Conclusion**

It is our position that the Court should note our objection to the Government's motion for a subpoena seeking license plate reader data from local law enforcement agencies. We believe, from the information we have, that the Government's intended use of this information, to the extent that it exists, goes beyond what the Viginia statute allows or intends.

If Counsel is incorrect in his understanding of the facts or his interpretation of the law and the Government can show good cause and sufficient evidence to get this subpoena issued, Defense Counsel simply cannot consent.

Respectfully Submitted,

Charnika Burts
By Counsel
_____/S/_____
Gregory T. Hunter
Virginia State Bar Number 45489
Attorney for the Defendant
2111 Wilson Boulevard
8th Floor
Arlington, Virginia 22201
(703) 966-7226 telephone
greghunter@mail.com

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2026 an exact copy of the foregoing Objection was filed with the Clerk of the Court, and that a copy thereof was sent by electronic mail to all counsel of record:

Marc Birnbaum, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 telephone
(703) 299-3980 facsimile
Marc.Birnbaum@usdoj.gov


By personal service:

    Charnika Burts
    Defendant


           /S/_____
        Gregory T. Hunter
        Virginia State Bar Number 45489
        Attorney for the Defendant
        2111 Wilson Boulevard
        8th Floor
        Arlington, Virginia 22201
        (703) 966-7226 telephone
        (703) 527-0810 facsimile
        greghunter@mail.com