IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

UNITED STATES OF AMERICA

v.

ALLAN THOMAS NEW

and

CHARNIKA JANELL BURTS,

*Defendants*.

No. 1:26-mj-146

UNITED STATES' REPLY TO DEFENDANT BURTS'S
POSITION ON GOVERNMENT'S MOTION FOR SUBPOENAS

The government's motion, ECF No. 25, asks this Court to address a narrow question: May the material subpoenaed by the United States under Rule 17 be returned not at a hearing or trial, but at a different place, as permitted by the Local Rules?

Rule 17 of the Federal Rules of Criminal Procedure already permits the government to issue a subpoena directing a "witness to produce any books, papers, documents, data, or other objects the subpoena designates," such as the automatic license plate recognition system data requested here. Fed. R. Crim. P. 17(a), (c)(1). And, while such a subpoena usually demands the witness appear at a specific hearing with the requested materials, *id*., the Local Rules provide that a court may order the subpoena be returnable to a different time or place. Local Crim. R. 17(B). This is the narrow relief that the government asks for here.

One of the defendants, Charnika Janell Burts, objects to the United States' motion.[1] But

---

[1] Coconspirator Allan New does not object to the United States' motion.

1

her concerns do not relate to the government's ability to issue the subpoena under Rule 17, nor the Court's authority to allow production at a different time or place under Local Rule 17(B). Instead, her objection is based on the Virginia statute under which the agencies collected data.[2]

With all due respect to the defendant, interpretation of the Virginia statute is not before the Court. Certainly, the Fairfax County Police Department or the Loudoun County Sheriff's Office, the recipients of the proposed subpoenas, could move the Court to quash them.[3] And the defendant could always move *in limine* or through a suppression motion to prohibit the use of these materials at her trial. But these concerns are not at issue now. Here, the government has the ability to issue a subpoena and the Court has the authority to direct that it be returnable other than at a hearing or trial. Fed. R. Crim. P. 17, Local Crim. R. 17. Given that there is no trial or hearing date, and the case is still in the pre-indictment, investigative stage, it makes good sense to direct the production of these records at the United States Attorney's Office.[4]

---

[2] The defendant relies on Va. Code § 2.2-5517(D)(ii) in support her argument that the agencies could not collect data. ECF No. 26 at 1–2 ("Ms. Burts was not a missing or endangered person, a person associated in any way with human trafficking, a person with an outstanding warrant or someone either driving a stolen car or driving a car with a stolen license plate."). But the agencies *could and did* collect license plate data under the first subsection. Va. Code § 2.2-5517(D)(i) (permitting agencies to collect data "as part of a criminal investigation into an alleged violation into the Code of Virginia."); *see also id.* (separating the subsections by an "or," requiring that each be read in the disjunctive). The crimes under investigation by the state agencies—robbery, abduction, and the use of a firearm in the commission of a felony, are, of course, violations of the Code of Virginia. Va. Code § 18.2-58 (robbery), § 18.2-48 (abduction for pecuniary benefit), § 18.2-53.1 (use of a firearm).

[3] Such a motion would likely fail under the Supremacy Clause. *Matter of Special April 1977 Grand Jury*, 581 F.2d 589, 592 (7th Cir. 1978) (noting, in the context of a federal grand jury investigation, that "courts consistently have rejected the view that state records are privileged from disclosure"); *In re Grand Jury Matter*, No. 1:22mc30, 2022 WL 17736667, at *3 (M.D.N.C. December 16, 2022) (collecting cases).

[4] The government does not seek oral argument on its motion unless the Court believes that it will aid its decision making.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

By:    _____/s/_____
Marc J. Birnbaum
Assistant United States Attorney

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2026, I will file the foregoing memorandum with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

_____/s/_____
Marc J. Birnbaum
Assistant United States Attorney

4